423-580-4610  
sjrubenstein@me.com  
*Steven Rubenstein*  
502 River Street  
Chattanooga, TN 37405

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA DIVISION

| | |
|---|---|
| Steven Rubenstein (Rubenstein), *PLAINTIFF* <br> v. <br> 1. University of Tennessee (UT)— <br> Named Officials in Official Capacities Only: <br>   a. Matthew Scoggins, General Counsel, <br>   b. Katrice Morgan, ALJ, <br>   c. Wayne Davis, Interim Chancellor, UTK, <br>   d. Linda Martin, VP, Academic Affairs, <br>   e. Mark Whorton, ED, UTSI; <br> 2. Academy Cowards (Cowards)— <br>   Steve Salky and Co-conspirators; <br> 3. Defendants 1 and 2 in Collusion; <br> [American Academy of Actuaries (Academy)]; <br> [Society of Actuaries (Society)], <br> *DEFENDANTS* | Civil Action No.1:16-cv-00475 <br> Judge Mattice <br> Magistrate Judge Lee |

FILED JUL 22 2019 Clerk, U. S. District Court Eastern District of Tennessee At Chattanooga

**PLAINTIFF'S REPLY TO DEFENDANTS (ASSOCIATION-IN-FACT) THE ACADEMY COWARDS' RESPONSE [DOC 48] TO PLAINTIFF'S MOTION FOR RELIEF FROM DISMISSAL OF CIVIL ACTION 1:16-CV-00475**

## INTRODUCTION

With Defendants the Academy Cowards' ("Cowards'") Opposition [Doc. 48] to Plaintiff Steven Rubenstein's ("Rubenstein's") Motion for Relief from Dismissal of Civil Action 1:16-cv-00475 [Doc. 46] having arrived by U.S. mail, postmarked July 11, 2019 (which E.D. Tenn. L.R. 7.1(a) makes timely if Rubenstein's Motion is considered "dispositive"), Fed. R. Civ. P. 6(d) allows Rubenstein until July 22, 2019 to file this Reply. Meanwhile, the Cowards' opposition—admixed with *their*

*ongoing methods of ridding themselves of responsibility*, briefed below—is but their latest (although expected) round of frauds and obstructions to obscure the reason that Rubenstein must occupy the Court's time with them: namely, their breaching contract (and more) by falsely expelling him from the American Academy of Actuaries ("Academy") and the Society of Actuaries ("Society"). Sadly, with the Actuarial Board for Counseling and Discipline ("ABCD") including themselves in this conspiracy of exploiting the self-regulation of the U.S. actuarial profession to violate Precept 1 of the U.S. actuarial Code of Professional Conduct (produced in part below), Precept 13, leaving no one else, virtually *requires* Rubenstein to disclose this to the Court.

| From the *Code of Professional Conduct* (the "Code") |
|---|
| http://actuary.org/sites/default/files/pdf/prof/code_of_conduct.pdf |
| Professional Integrity |
| PRECEPT 1. An Actuary shall act honestly, with integrity and competence, and in a manner to fulfill the profession's responsibility to the public and to uphold the reputation of the actuarial profession. |
| Violations of the Code of Professional Conduct |
| PRECEPT 13. An Actuary with knowledge of an apparent, unresolved, material violation of the Code by another Actuary should consider discussing the situation with the other Actuary and attempt to resolve the apparent violation. If such discussion is not attempted or is not successful, the Actuary shall disclose such violation to the appropriate counseling and discipline body of the profession.... |