| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA DIVISION | |
|---|---|
| Steven Rubenstein (Rubenstein), <br> PLAINTIFF <br> v. <br> 1. University of Tennessee (UT)— <br>   Named Officials, Official Capacity Only: <br>   a. Matthew Scoggins, General Counsel, <br>   b. Katrice Morgan, ALJ, <br>   c. Wayne Davis, Interim Chancellor, UTK, <br>   d. Linda Martin, VP, Academic Affairs, <br>   e. Mark Whorton, ED, UTSI; <br> 2. Academy Cowards (Cowards)— <br>   Steve Salky and Co-Conspirators; <br> 3. Defendants 1 and 2 in Collusion; <br> 4. American Academy of Actuaries (Academy); <br> 5. Society of Actuaries (Society), <br> DEFENDANTS | Civil Action No.1:16-cv-475 <br> Judge Mattice <br> Magistrate Judge Lee |
| DECLARATION UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. § 1746 | |

Plaintiff Steven Rubenstein declares under penalty of perjury that his assertions in this Reply to Defendant the Academy Cowards' Opposition [Doc 48] to his Motion for Relief from Dismissal of Civil Action 1:16-CV-475 [Doc 46] are true and correct to the best of his knowledge.

Executed on

July 22, 2019
Date

*Steven Rubenstein*
Steven J. Rubenstein, Declarant
502 River Street
Chattanooga, TN 37405
sjrubenstein@me.com
423-580-4610

## II. THE CONDITIONS UNDER WHICH THE COWARDS PERPETRATE THEIR ACTIONS AGAINST RUBENSTEIN

Even if nothing else, the Cowards knew well that Rubenstein is a nervous sort. Besides Mr. Wildsmith, and to a lesser degree Ms. Uccello, having known him for years, after the Cowards had removed him from all volunteer work without process, had had him arrested and falsely prosecuted (twice), and he had responded by telling them that he would forget all that if they would restore the normalcy, when the ABCD proceeded with their false prosecution of him anyway, Howard Phillips, the "investigator" (some of whose blatant lies are laid bare on First Amended Complaint ("Complaint" throughout this) page 53 [Doc 9, p. 53]), in January 2014, demanded documentation from Rubenstein's psychiatrist (recorded on Doc 9-7, p. 77, Rubenstein's correspondence with and concerning the ABCD).

But that notwithstanding, the only reason that the Cowards have felt free to commit these crimes against Rubenstein, as only cowards would, is that, given his hassles with the University of Tennessee ("UT")—regarding which, they also knew him well enough not to suspect to be what UT made of it—they knew that their having banished him as well had rendered him a USSG §3A1.1. (b)(1) Vulnerable Victim. This is

what makes AUSA Perry Piper's willingness to prosecute Rubenstein while refusing even to *consider* that the ones doing the reporting were the criminals, violating 18 U.S.C. § 1001 at least, especially atrocious. (Rubenstein's Motion for Relief from Dismissal mentions his 25 May 2103 letter to AUSA Piper stating that "I am a citizen and the one in need of help!" [Doc. 46, pp. 8-9, from Doc. 9-6, p. 78] AUSA Piper's (14 June 2013) response included

> …. I am not concerned with your civil lawsuit matters involving the [Academy] or any other organization. I prosecute individuals who break the law. I am attempting to prosecute you….

[Doc 9-6, p. 79]—completely missing that Salky's sole reason for falsely reporting was to preempt Rubenstein's lawsuit for barring him from volunteer work without process, which therefore eventually became this. Especially considering what then-Attorney General Robert Jackson said to be "the most dangerous power of the prosecutor"—"that he will pick people that he thinks he should get, rather than pick cases that need to be prosecuted" [address to the 1940 (Second Annual) Conference of U.S. Attorneys]—how are the people to feel safe among such imprecise selection? Rubenstein finds nothing in the Justice Manual, 9-27 Principles of Federal Prosecution condoning this.)

## III. THE COWARDS' SEEMING CURRENT STRATEGY AGAINST WHICH RUBENSTEIN WRITES THIS REPLY

Rubenstein's motive in (as he said in his Motion for Relief from Dismissal [Doc. 46, pp. 9 and 21]) filing Civil Action No. 3:18-cv-170 in the U.S. District Court for the Eastern District of Arkansas against the Cowards' senseless libel [Doc. 46-3], with the intent to move for Fed. R. Civ. P. 1404(a) transfer to this Court, was diligence. And he provides plenty of notice, having telegraphed in his Complaint in this action that he would take such action if needed, with

> Motion and Memorandum in Support for Leave to Withdraw This Cause of Action with Appendix Y ["The Collected Libel, by the ACs," Doc. 9-8, pp. 1-16] to File Instead in the United States District Court for the Northern District of Alabama on or before September 10, 2017.

under V.C. Cause 4 - Defamation (Libel)..., on page 108 [Doc. 9, p. 108]. The Cowards had noted this on page one of their Brief in Support of Their Motion to Dismiss [Doc. 20, p. 1] (although misrepresenting the circumstances as always). Rubenstein had further telegraphed, in his No. 3:18-cv-170 (his case in the Eastern District of Arkansas) Complaint [Doc 1], that his Motion for Relief from Dismissal [Doc 46] as well as his new action (No. 1:19-cv-189) were forthcoming:

> While Rubenstein works feverishly on a plain view Fed. R. Civ. P. 60(d)(3) motion to clear up what resulted [from counsel for the Cowards lying every which way she knew to defraud the Court in 1:16-cv-00475], no doubt, in... part from [Rubenstein's] naivete in legal writing -- though also to submit a new complaint, the statute of limitations still current on the underlying contract violation of the illegal expulsion...."

It simply takes Rubenstein a little longer than some. (Rubenstein explained this, too, in an email he included in his Opposition to the Motions to Dismiss this action [Doc. 31, p. 7]:

> ... given (1) that there are two sets of [Defendants] (UT and the Academy Cowards), (2) that I have had to teach myself everything about law..., and (3) *that I am slow and methodical to begin*....

(emphasis in original). The Cowards noted this also, on page one of their Reply in Support of their Motion to Dismiss [Doc. 40, p. 1], although misrepresenting it, of course.)

The strategy of counsels' for the Academy and for the Society in No. 3:18-cv-170 (in the Eastern District of Arkansas) and counsel for the Cowards in this—who certainly can be imputed to have one another's knowledge on these matters—therefore seems to be to urge for rulings faster than Rubenstein can maneuver. While they would have been expected not to delay in beginning No. 3:18-cv-00170's discovery, as they did. But for starters, besides the Cowards having entwined

themselves in the UT matter, and notwithstanding the Federal Rules of Civil Procedures Title V. Disclosure and Discovery (Rules 26 – 37) having 11,654 words (74,708 including the Committee Notes), with Rubenstein having included every *detail* in this actions' Complaint [Docs. 9 and 9-1 – 9-8] *years* ago, now that he has some pleading experience, his best bet seemed to be laying the *essentials* out *linearly*. This he finally achieved, but not until completing "The Defendants Have Been Obstructing Remedy Since 2012," which he first placed at the end of his Motion for Relief from Dismissal [Doc. 46, pp. 24-34].

Then, as Rubenstein assembled his Reply [Doc 49] to UT's Opposition [Doc 47], and this Reply to the Cowards' Opposition [Doc 48], to his Motion for Relief from Dismissal:

o First, Salky's and Duval's partner Dermot Lynch (who appeared in this with Doc. 12) "overnighted" a letter to Rubenstein on 17 Jul 2018, which, after dubiously imploring that

> [t]he filing of this complaint is barred by Judge Mattice's prior order,... denying your prior complaint containing the same alleged claims and denying you the right to amend that complaint. I respectfully request that you withdraw this complaint immediately.

expresses that he "wishes to meet and confer with [Rubenstein] by telephone." Rubenstein, who, with a 01 Jul 2019 mailing, has already tried to initiate communication with another partner of theirs who is an acquaintance of Rubenstein's, answers here that he will be happy to confer once he begins to catch up.

o On that same day (17 Jul 2017)—although with Fed. R. Civ. P. 6(d) crediting Rubenstein for three days—counsel for the Academy in No. 3:18-cv-170 filed a motion for summary judgment. Although adding the assertion that "Plaintiff failed to participate in discovery" (as if past tense) to many of the worn-out lies and false insinuations made in this since Salky began his false reporting, nevertheless, calling for much work (which one could take to be its main intent).

o Then, of course, responses to No. 1:19-cv-189 are impending as well.

### IV. REPLY TO THE COWARDS' OPPOSITION PROPER [DOC. 48] TO RUBENSTEIN MOTION FOR RELIEF FROM DISMISSAL [DOC. 46]

As for the Duval's concern over Rubenstein's having named the Academy proper and the Society proper as Defendants for his Motion for Relief from Dismissal, he believes that he overthought it. While whether they are named could have technical ramifications, with the

precise same parties being notified either way, if Rubenstein had it to do over again, he would not have named them on this Motion.

But other than that, certainly this Court has had more experience, and is wiser, than Rubenstein in the task of discerning credibility. In any event, he can assert no other truth about Duval's continued responses but that her every single word continues to have no aim other than to throw the Court as far from the truth as possible. (And she is too intelligent to understand Rubenstein as having other than praise for Albert Einstein.) Rubenstein has laid out the bare facts in "The Defendants Have Been Obstructing Remedy Since 2012" at the end of his Motion that Duval here addresses, which, further, points to the documents from which it is drawn. While Rubenstein's colleagues shrouding themselves in mystery in pulling these stunts on Rubenstein does leave a certain amount to inference of precisely who is doing what, the general scheme is undeniable. While Rubenstein, of course, cannot speak for the Court, Duval being allowed to treat her fellow human being with such disregard, at least casts a dark shadow over the credibility of the entire legal profession—in fact, evincing a total disrespect for the law!

As for Duval's continued lies regarding Rubenstein and UT, the Academy and the Society officials had a fiduciary duty to know something about which they acted, and they know Rubenstein well enough to know that what Duval says is not the truth.

As for Duval—like Lynch, above—claiming that Rubenstein's new filings are out of order, as Rubenstein began his analysis, on page 14 [Doc. 46, p. 14]:

> Considering that "it no longer is true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect," *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501 (2001), the motions to dismiss were not examined but need examining.

Time has not run on the Cowards' breach of contract in their illegal expulsions (and certain other offenses). Rubenstein is honest and cannot believe other than that the Court wants to do right. While he himself is only what he is, any honorable person would know that it does not pay to condone interactions steeped in such ill motives as this. The Academy, further, is written into the U.S. Code, the Code of Federal Regulations, and the statutes or regulations of every state. The National Association of Insurance Commissioners (NAIC)—for one—depends on their expertise and good behavior. It is unfortunate that

their being left unregulated has created such a burden, but that responsibility must be shorn up by someone.

As for Duval's assertion that Rubenstein's motion is untimely, by case law, at least since *Hazel-Atlas v. Hartford*, 322 U.S. 238 (1944), only "reasonable time" matters for such egregious fraud on the court (which this is, being committed by a lawyer). Further, Rubenstein cites *United States v. Sierra Pacific Industries, Inc.*, 862 F. 3d 1157, 1172 (CA9 2017) (Jon. P. McCalla, U.S. District Judge for W.D. Tenn., sitting by designation), cert. denied, ___ U.S. ___ (No. 17-1153) (U.S. 21 Jun 2018), which held that

> [c]ontrary to the District Court's assertion that "the whole can be no greater than the sum of its parts," a long trail of small misrepresentations—none of which constitutes fraud on the court in isolation—could theoretically paint a picture of intentional, material deception when viewed together.

Rubenstein admits that it is an insult to him even to have address Duval's pretending to believe that he here attempts to amend in the sense of Fed. R. Civ. P. 15.

## V. CONCLUSION

Contrary to Duval's lying that Rubenstein by this tries to "harass" anyone, this is about his being allowed to make a showing regarding his

profession—everything he has. He maintains that there are those, although who have gone along with this charade—such as his cohorts Tom Wildsmith and Cori Uccello—who, unlike Duval, nevertheless, if put to the test, would not allow for a second for this to go farther. All Rubenstein asks is for some chance to make that showing.

Respectfully submitted on

_July 22, 299_
Date

*Steven Rubenstein*
Steven J. Rubenstein,
502 River Street
Chattanooga, TN  37405
sjrubenstein@me.com
423-580-4610

- 13 -

Case 1:16-cv-00475-HSM-SKL   Document 51   Filed 07/22/19   Page 11 of 11   PageID #: 4748